NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER SZANTO,<br>               Debtor. | BAP No.  OR-21-1118-GBS<br><br>Bk. No. 3:16-bk-33185-PCM |
| PETER SZANTO,<br>               Appellant,<br>v.<br>CANDACE AMBORN, Chapter 7 Trustee;<br>LANE POWEL PC,<br>               Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Peter Szanto ("Debtor") appeals the bankruptcy

court's order awarding final professional compensation to Lane Powell PC

("Lane Powell"), in the amount of $14,551.88, for services rendered to the

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

estate in connection with litigation in Singapore. The bankruptcy court did not abuse its discretion. We AFFIRM.

## FACTS[2]

In 2016, Debtor filed a voluntary chapter 11 petition. In 2017, the bankruptcy court converted the case to one under chapter 7 and appointed Stephen P. Arnot, later succeeded by Candace Amborn, as chapter 7 trustee (collectively "Trustee").

Around the time of conversion, Debtor made numerous transfers of estate assets, including transfers of significant funds to banks in Singapore. After an evidentiary hearing, the bankruptcy court issued an order holding Debtor in contempt and requiring him to turn over the transferred assets and to grant Trustee access to the Singapore accounts. Debtor refused to comply, resulting in two additional contempt orders and, ultimately, a denial of Debtor's discharge.

Because Debtor continued to resist Trustee's efforts to recover the transferred funds, Trustee initiated a proceeding in Singapore to enforce the bankruptcy court's orders (the "Singapore Action"). The bankruptcy court then authorized Trustee to employ David W. Criswell of Lane Powell to serve as an expert witness in the Singapore Action.

Debtor sought to disqualify Mr. Criswell on the basis that he could receive duplicate compensation and was not qualified to render an expert

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re*

opinion in the Singapore Action. The bankruptcy court disagreed, holding that Mr. Criswell's qualification was an issue for the Singapore court and the danger of duplicate compensation could be addressed in the final application for compensation.

Mr. Criswell prepared and filed his expert opinion in the Singapore Action to address specific questions, posed by the Singapore court, about United States bankruptcy law. In February 2021, Lane Powell filed an application in the bankruptcy court for final compensation.

Debtor objected to the requested fees and argued that Lane Powell was barred from seeking compensation in the bankruptcy court because none of its work occurred in the bankruptcy case and any fees must be awarded by the Singapore court. Debtor characterized the application as "replete with non-existent garbage charges" but did not otherwise identify objectionable fees.

The bankruptcy court issued a memorandum decision and order approving Lane Powell's fees and costs in the amount requested. The court overruled Debtor's objections and independently found that the fees were reasonable and necessary under § 330(a). Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

---

*Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

## ISSUE

Did the bankruptcy court abuse its discretion in its award of fees and costs to Lane Powell?

## STANDARD OF REVIEW

We review a bankruptcy court's order awarding compensation to an estate professional under § 330 for abuse of discretion. *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911, 915 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

### A.    Standards For Compensation Under § 330

Section 327 authorizes a trustee, with the court's approval, to employ professional persons "to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code. Pursuant to § 330(a), the bankruptcy court may award reasonable compensation to professionals employed under § 327 after considering the nature, extent, and value of such services and the factors listed in § 330(a)(3)(A)-(F). The court may not award compensation for an unnecessary duplication of effort, or for services which are not reasonably likely to benefit the estate or are unnecessary for case administration. § 330(a)(4)(A).

A party objecting to an application for compensation under § 330 has the burden to show that fees are unreasonable or unnecessary and must do more than express general dissatisfaction with the application; he must specify what tasks are objectionable. *See Koncicky v. Peterson (In re Koncicky)*, BAP No. WW-07-1170-MkPaJ, 2007 WL 7540997 (9th Cir. BAP Oct. 19, 2007).

**B.  The Bankruptcy Court Did Not Abuse Its Discretion By Awarding Compensation To Lane Powell.**

Debtor does not object to the amount of fees or identify any work that was unreasonable. Instead, he argues that Lane Powell is not entitled to any compensation because: (1) the Singapore Action was barred by Singapore law and Mr. Criswell's services were useless; and (2) the bankruptcy court lacked jurisdiction to award fees or costs because the Singapore court had sole authority to compensate Mr. Criswell.

We agree with the bankruptcy court that the propriety of the Singapore Action and Mr. Criswell's qualifications to render an expert opinion are questions for the Singapore court. It is immaterial that Mr. Criswell's services were not in connection with litigation in the bankruptcy court. Trustees often must litigate in state or federal courts on behalf of the estate, and professionals employed to assist in such litigation are compensated under § 330(a). *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (9th Cir. BAP 2000) ("[I]n order for the professional to be compensated . . . the applicant must

demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered.").

The bankruptcy court correctly determined that Mr. Criswell's efforts were necessary and reasonably likely to benefit the estate. Trustee initiated the Singapore Action because Debtor transferred estate assets to Singapore and refused to comply with multiple court orders to return the funds. And the court properly authorized Trustee to employ Lane Powell to assist in recovering estate assets.

Debtor further argues that the bankruptcy court lacked jurisdiction to approve Lane Powell's fees because Singapore law provides that payment must be made by the Singapore court. We disagree.

The bankruptcy court had exclusive jurisdiction to authorize Lane Powell's employment. 28 U.S.C. § 1334(e)(2). Consequently, Lane Powell could recover fees for its services to the estate only in accordance with the provisions of the Bankruptcy Code. *See McCutchen, Doyle, Brown & Enersen v. Off. Comm. of Unsecured Creditors (In re Weibel, Inc.)*, 176 B.R. 209, 212 (9th Cir. BAP 1994) ("Compensation to professionals acting on behalf of the estate must be based on provisions of the Code."). Lane Powell complied with the procedural requirements for employment and compensation, and pursuant to § 330, the court had authority to approve Lane Powell's fees and costs.

Debtor's only support for his jurisdiction argument is Order 40 of the Singapore Rules of Court.[3] But, the Singapore court specifically rejected the applicability of that rule because Mr. Criswell was not a "court expert" and his opinion was provided under Order 40A: Experts of Parties. *See Application for Interim Comp.*, March 8, 2021. Both the application to employ Lane Powell and Mr. Criswell's affidavit in the Singapore Action indicate that he was an expert witness for Trustee, not a court expert.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order approving final professional compensation to Lane Powell.

---

[3] Order 40 provides in pertinent part:

**Appointment of expert to report on certain question (O. 40, r.1)**
1.      (1) In any cause or matter in which any question for an expert witness arises, the Court may at any time, on its own motion or on the application of any party, appoint an independent expert . . .
        (1A) An expert appointed under this Order or under Order 32, Rule 12 shall be referred to as a court expert.

        . . .

**Remuneration of court expert (O. 40, r.5)**
5.      (1) The remuneration of the court expert shall be fixed by the Court and shall include a fee for his report and a proper sum for each day during which he is required to be present either in Court or before an examiner.

Rules of Court, Order 40 rules 1, 5, *available at* Singapore Statutes Online, https://sso.agc.gov.sg/SL/322-R5?ProvIds=PO40-pr1-,PO40-pr5- (last visited Mar. 22, 2022).